UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONALD LEE BRINSON,                         Case No. 1:09-cv-880

    Plaintiff,                                  Bowman, M.J.

  v.

DEPUTY OFFICER B. LUDWIG, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court previously entered a Show Cause Order in this civil action, advising Plaintiff that his complaint would be dismissed due to his failure to effect timely service of process of the summons and complaint.  (*See* Doc. 89, citing *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003)).  As explained in that order, Rule 4(m) of the Federal Rules of Civil Procedure states that a court "must dismiss the action without prejudice" if a plaintiff fails to serve the defendant within 120 days after the complaint is filed.

The parties have consented to final disposition of this case by a magistrate judge pursuant to 28 U.S.C. §636(c).  All specifically identified defendants have previously been dismissed by the court.  (See Docs. 66, 75, 77, 86).  However, Plaintiff was provided with additional time in which to identify and serve with process three unknown Hamilton County Sheriff's deputies, who he alleges violated his constitutional rights shortly after his arrest on August 1, 2009.  The three unknown deputies are the sole remaining defendants to this litigation.

The court takes judicial notice of the fact that Plaintiff has provided the court with multiple changes of address as required (*see* Docs. 36, 47, 50, 67), but that the recent Show Cause order was twice returned to the court as undeliverable to Plaintiff's last listed address. (Docs. 91, 93). Thus, in addition to failing to timely identify and serve the unknown defendants, Plaintiff has failed to comply with one of the most fundamental requirements for prosecuting litigation. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991) (explaining that a *pro se* litigant has an affirmative duty to diligently pursue the prosecution of his cause of action); *Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994)(explaining that a *pro se* litigant has a duty to supply the court with notice of any and all changes in his address).

Because the time deadline set forth in the Show Cause Order has now passed without plaintiff having timely completed service of process of the summons and complaint and/or filed any responsive pleading, and because Plaintiff has failed to keep the court advised of his current address, **IT IS ORDERED THAT** Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure of service of process and that this case be **CLOSED** and stricken from the active docket. A final judgment will be filed herewith.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge